# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIA MAYER GARMAN<br><br>Plaintiff,<br>v.<br><br>RAY F. GARMAN, III and<br><br>WAVERLY DEANS<br><br>Defendants | 2:06-CV-04104<br><br>The Honorable Jan E. DuBois |

## STIPULATION AND CONSENT ORDER TRANSFERRING REMOVED PROCEEDING TO THE BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA AND FOR RELATED RELIEF

AND NOW, this _____ day of October, 2006, upon the consent of the listed parties and parties in interest, and the Court being advised of the promises and covenants of the stipulating parties, and for good cause shown, it is hereby STIPULATED and AGREED as follows:

WHEREAS on October 14, 2005 (the "Petition Date"), Ray F. Garman, III ("Garman") filed a voluntary Chapter 7 proceeding (the "Bankruptcy Proceedings") ----- pursuant to the Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). The Bankruptcy Proceedings are captioned: In Re: Ray F. Garman., III, Case No. 05-37483 (BIF) and are pending in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court").

WHEREAS on or about the Petition Date, Gary F. Seitz, Esquire was appointed as Garman's Chapter 7 trustee in the Bankruptcy Proceedings (hereinafter the "Trustee"). Since the Petition Date, the Trustee has been administering Garman's bankruptcy estate pursuant to § 706 of the Bankruptcy Code in the Bankruptcy Court.

WHEREAS On or about August 17, 2006, Mia Mayer Garman ("Mia") filed a Complaint – Civil Action against Garman, and a third party, defendant Waverly Deans ("Deans"), in the Court of Common Pleas of Philadelphia County, Pennsylvania, at December Term, 1996, No. 8468 ( the "First State Court Complaint").

WHEREAS in the First State Court Complaint, Mia asserts seven (7) claims, including five (5) common law causes of action against Deans, for Breach of Contract, Breach of Fiduciary Duty, Fraud, Unjust Enrichment, and Civil Conspiracy. The First State Court Complaint sought recovery of the Proceeds from the sale of the interest in the PMA Hedge Fund (the "Proceeds") titled in Deans' name. A substantially identical ~~Second State Court~~ Complaint filed by plaintiff Mia against Garman, Deans, and Dean's counsel, Robert I. Whitelaw, Esquire, David J. Steerman, Esquire, and Obermayer Rebmann Maxwell & Hippel LLP is pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, at August Term 2006, No. 731 (the "Second State Court Complaint").

WHEREAS Deans denies any and all liability to Mia or to Garman, and she intends to vigorously contest the allegations in the First State Court Complaint, the Second State Court Complaint, and the jurisdiction of the state court over her person and assets.

WHEREAS on September 14, 2006, Deans and Garman jointly removed First State Court Complaint case to this Court under and pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1441(b) §1334 (hereinafter the "Removed Proceedings").

WHEREAS on September 25, 2006, this Court directed Mia to file any motion to remand the Removed Proceedings, and directed Garman and Deans to file any response to plaintiff Mia's Complaint in the Removed Proceedings, by October 9, 2006.

WHEREAS on September 29, 2006, Garman filed a Suggestion of Bankruptcy in the Removed Proceedings invoking the automatic stay provided for in 11 U.S.C. § 362 and triggered by Garman's Bankruptcy Proceedings. Garman simultaneously filed a Suggestion of Bankruptcy in the pending proceedings in the Court of Common Pleas of Philadelphia County, Pennsylvania, at August Term 2006, No. 731, arising from the Second State Court Complaint.

WHEREAS on September 29, 2006, defendant Garman filed a Motion to Vacate the Court's September 25, 2006 Order in as much as it required him to respond to plaintiff Mia's Complaint, due to his bankruptcy (the "Motion to Vacate"). This Court has not yet ruled on the Motion to Vacate.

WHEREAS Garman, Deans, the Trustee, and Mia have agreed that the issues in the Removed Proceedings, to the extent the Removed Proceedings implicate § 544 of the Bankruptcy Code, and 28 U.S.C. § 157 (B) (2) (A), (E), (H) and (O), should be heard by the Bankruptcy Court.

WHEREAS Garman, Deans, the Trustee and Mia all agree that the issue of the ownership of the proceeds raised in the Removed Proceedings should be determined in the Bankruptcy Court.

NOW THEREFORE with the above recitation incorporated herein by reference as if set forth fully herein and at length, the stipulating parties and parties in interest, and each of them, hereby AGREE as follows:

1. The Trustee shall be, and is hereby joined as a party Plaintiff in the Removed Proceedings and is deemed to have asserted all causes of action previously pled by Mia, but only to the extent that the claims are claims that could be asserted by the Trustee for the benefit of creditors of Garman and hereby consents to the joinder for all purposes under the Bankruptcy Code, and Federal Rule of Civil Procedure 19, incorporated herein by the Rules of Bankruptcy Procedure, without further amendment to the Complaint. The Parties acknowledge and agree that the Trustee is an indispensable party to the Removed Proceedings.

2. The Parties further consent to the immediate transfer of the Removed Proceedings pursuant to 28 U.S.C. § 1452(a) or by enforcement of the automatic reference provided by the Standing Orders of this Court, to the Bankruptcy Court for the Eastern District of Pennsylvania for the purpose of determining ~~initially~~, the Debtor's interest, if any, ~~litigating the claims~~ in the Proceeds ~~Complaint~~. Alternatively, the parties agree to the transfer of the Removed Proceedings to the Bankruptcy Court for a determination on the merits of the claims in the Complaint. The remaining matrimonial

issues in the Removed Proceedings, not involving Deans shall be and are hereby remanded to State Court.

3. Deans consents to the personal jurisdiction of the Bankruptcy Court for the purpose of the entry of any final order, judgment, or the issuance of any process by the Bankruptcy Court in connection with the Removed Proceedings. Deans agrees that she shall not hereinafter assert that the Bankruptcy Court is without jurisdiction to decide the issues raised in the Removed Proceedings, or enter any order with respect thereof.

4. Deans agrees to cooperate fully with the Trustee's investigation into the assets in question, and will provide such documents in her possession and control to the Trustee. The Trustee agrees to provide Deans' counsel with a list of areas of inquiry for this purpose. Mia, Garman and the Trustee agree that they will consent to the entry of a reasonable confidentiality stipulation and order with regard to information and documents to be disclosed by Deans.

5. Deans expressly and for all purposes preserves the right to assert any and all applicable objections to the production or disclosure of information and/or documents, including the right to object on the ground of privilege and/or confidentiality.

6. The Trustee reserves all rights with respect to a request under Bankruptcy Rule 2004 for examination of Deans with respect to her transactions with the Debtor. The Trustee agrees not to apply to the Bankruptcy Court for an order under Bankruptcy Rule 2004, unless and until Deans fails to comply with the Trustee's reasonable requests for cooperation under this Stipulation and Consent Order.

7. The parties preserve their demands for jury trial in the Removed Proceedings.

8. Mia agrees to file within five (5) business days of the approval of this Stipulation and Consent Order a Praecipe to discontinue without prejudice the proceedings in the Court of Common Pleas of Philadelphia County, Pennsylvania, at August Term 2006, No. 731, arising from the Second State Court Complaint. The defendants in that action hereby agree that all statues of limitation applicable to that action are tolled pending the resolution of proceedings pursuant to this Stipulation and Consent Order in connection to the Removed Proceedings in the Bankruptcy Court.

9. The Motion to Vacate filed by Garman is denied as moot.

10. This Stipulation and Consent Order may be executed in counterparts, each of which or a facsimile or copy thereof shall be deemed an original, and all of which together shall constitute the complete Stipulation, with the same effect as if the signatures were on the same document.

11. Upon execution of this Stipulation by all of the below interested parties, they shall submit the Stipulation to the Court for approval and entry and docketing as an Order. Should this Stipulation not be approved as an order of the Court, the parties shall treat this Stipulation as a nullity, and the parties shall be returned to the positions held immediately prior to the execution of this Stipulation, without any admission of liability.

**SO STIPULATED:**

/s/ Scott M. Orloff
_____
Scott M. Orloff, Esquire
Willig, Williams & Davidson
1814 Chestnut Street
Philadelphia, PA 19103-4986

*Counsel for Plaintiff*

Dated: 10/16/06

_____
Walter J. Weir, Jr., Esquire
Brett A. Datto, Esquire
Weir & Partners LLP
The Widener Building
1339 Chestnut Street, Suite 500
Philadelphia, PA 19107

*Counsel for Defendant Ray F. Garman, III*

Dated:

_____
Robert I. Whitelaw, Esquire
Edmond M. George, Esquire
Jonathan W. Hugg, Esquire
Obermayer Rebmann Maxwell
& Hippel LLP
1617 JFK Boulevard, 19th floor
Philadelphia, PA 19103

*Counsel for Defendant,
Waverly Deans*

Dated:

_____
Edward J. DiDonato, Esquire
Samuel H. Israel, Esquire
Fox Rothschild, LLP
2000 Market Street
10th Floor
Philadelphia, PA 19103

*Counsel for Trustee, Gary F. Seitz, Esquire*

Dated:

**SO STIPULATED:**

_____          _____
Scott M. Orloff, Esquire            Walter J. Weir, Jr., Esquire
Willig, Williams & Davidson         Brett A. Datto, Esquire
1814 Chestnut Street                Weir & Partners LLP
Philadelphia, PA 19103-4986         The Widener Building
                                    1339 Chestnut Street, Suite 500
                                    Philadelphia, PA 19107

*Counsel for Plaintiff*             *Counsel for Defendant Ray F. Garman, III*

Dated:                              Dated:


_____          _____
Robert I. Whitelaw, Esquire         Edward J. DiDonato, Esquire
Edmond M. George, Esquire           Samuel H. Israel, Esquire
Jonathan W. Hugg, Esquire           Fox Rothschild, LLP
Obermayer Rebmann Maxwell           2000 Market Street
& Hippel LLP                        10th Floor
1617 JFK Boulevard, 19th floor      Philadelphia, PA 19103
Philadelphia, PA 19103
                                    *Counsel for Trustee, Gary F. Seitz, Esquire*
*Counsel for Defendant,*
*Waverly Deans*

Dated:                              Dated:

**SO STIPULATED:**

_____
Scott M. Orloff, Esquire
Willig, Williams & Davidson
1814 Chestnut Street
Philadelphia, PA 19103-4986

*Counsel for Plaintiff*

Dated:

_____
Walter J. Weir, Jr., Esquire
Brett A. Datto, Esquire
Weir & Partners LLP
The Widener Building
1339 Chestnut Street, Suite 500
Philadelphia, PA 19107

*Counsel for Defendant Ray F. Garman, III*

Dated:

_____
Robert I. Whitelaw, Esquire
Edmond M. George, Esquire
Jonathan W. Hugg, Esquire
Obermayer Rebmann Maxwell
& Hippel LLP
1617 JFK Boulevard, 19th floor
Philadelphia, PA 19103

*Counsel for Defendant,*
*Waverly Deans*

Dated:

_____
Edward J. DiDonato, Esquire
Samuel H. Israel, Esquire
Fox Rothschild, LLP
2000 Market Street
10th Floor
Philadelphia, PA 19103
**Proposed**
*Counsel for Trustee, Gary F. Seitz, Esquire*

Dated: 10/16/06

APPROVED AND SO ORDERED:

BY THE COURT:

_____
The Honorable Jan E. DuBois